Mr. Hepburn. Judges, may it please the court. At the outset, I would like to open my remarks by conceding that an error by the government can be reviewed in a 35A motion or procedure. I know initially in my main appellate brief, I indicated that unless the error were by a court, that the court could not correct an error. And I'm convinced, based upon the review of the appellee's brief, that any error, whether by the court or by the government or possibly by the defendant, can be reviewed in a 35A procedure. Now, that being said, 35A procedure discusses technical, arithmetic, and clear error. Clear error is an obvious technical mistake. What we have in this case is not, in my opinion, clear error. What we have is... And it just didn't matter. Your client would get the same sentence whether or not he had tested positive for drugs the day before the sentence. And given that finding, I don't see how there's any harm. Without harm, nothing happens. Well, the harm I would posit, Judge, is this. The procedure that I think should have been utilized by this court, although the court utilized a 35A procedure in disposing of this, but the procedure I submit should have been utilized is the court should have called the parties together, wiped the slate clean, and had a re-sentence. I know that's what you want, but the question is, given that the judge has said this issue had no effect on the sentence, how you can show, whether it's clear error or the harmless error standard or anything else, you have to show an effect. And the district judge, the one who imposed the sentence, has said, no effect. So, what is there to do after that declaration by the sentencing judge? Well, and that's why we're requesting that, if the court should side with the appellant, that you send this back to the district court. Are we supposed to find that that's clear error? Let me explain. We have a declaration by the sentencing judge saying a particular thing didn't matter to me. Are we to say he's lying to us? That's what he said. Well, what the government indicates is that this court, the district court, that is, didn't rely upon the erroneous information provided by the government. That's what the government indicates. The government can say anything he wants. I care about what the judge said. The error, I mean, there's no dispute that there was erroneous information provided by the judge. There's no dispute, in my opinion, that the court relied on that. So, you think the district judge is lying when he said he did not rely on it. That seems to be what your argument boils down to. It would be quite an extraordinary thing for a court of appeals to say, we think the district judge is lying. Thank you very much. The case law indicates this procedure should be utilized if a court disclaims reliance upon an erroneous fact. What the courts have indicated is that, well, there's two schools of thought and there's two analyses that have to be made depending on the posture of the case. For example, if the case comes before the court of appeals and the district court did not reanalyze or review the sentence, there is one standard that's supposed to be utilized. That's not this case. In this case, the court, the error was brought to the court's attention and the court looked at it again and said, I didn't rely on that erroneous fact in imposing a sentence. The procedure that's supposed to be utilized by this court then is to resort to the record and make a determination as to whether or not the district court specifically considered the erroneous information. And the erroneous information in this case was, as you know, that this defendant, while in jail the night before sentencing, had taken some drugs. That was later determined, a week later, to be erroneous. If you go back to this record, the sentencing of this defendant, you will see on three separate occasions where the judge comments about this particular defendant using drugs while in jail. Now it's somewhat complicated in that when he was first brought to jail, the first month or so, he had used drugs, he was admonished, and then they started testing him for drugs and for five months after that, there were no drugs in his system except for this purportedly erroneous test the day before his sentencing hearing. If you go back and you look at the transcript, you will see that this district judge said, this guy is still using drugs, still meaning that it's an ongoing problem. Not that he'd been straight for five months once he was told not to do it anymore, but it's ongoing. And therefore, everything that he presented to the court, the district court, was sort of a mockery in the eyes of the court. So yeah, I think when the judge says, I didn't rely on this in developing a sentence, you have to go back and see what he actually said in the record. And it's the record that demonstrates that, no, that's not accurate. He did rely on it in imposing a sentence. So we send it back, and what does the judge do then? Well, and that's why we're asking that when you send it back, you send it back to a different judge. Well, of course, but we're not going to do that. Well, here's what my client gets if you send it back. My client gets the rehearing that he was looking for where he can... This is what he's typically doing, stringing this out as long as he can. I don't know that it serves my client. That's all this is. This is absolutely a waste of your time, your client's time, and our time. Well, I don't know if it serves my client so much good. He's in prison for 12 years. Gives him something to do, doesn't it? Pardon? Gives him something to do, yes. I misheard you, yes. It does give him something to do, that's true. He's got time to waste, you mean. Well, he's got plenty of time to do that, that's true. But what it gives my client is the chance to present the argument that he could have presented initially at the sentencing hearing and tell this court or tell that court that I've been free of drug usage for five months, and he was prevented from doing that, and that's what he would get the opportunity to do if this is sent back in front of this judge. He can make a different argument than he was compelled to make at the first sentencing hearing. My time's up. I'll save some for rebuttal. Certainly, counsel. Ms. Tableson. May it please the court, Rebecca Tableson. Now, don't move the microphones. If you want the podium to be lower, there's a switch on the right-hand side. I apologize, Your Honor. May it please the court, Rebecca Tableson on behalf of the United States. As Your Honor has pointed out, the district court has already addressed the questions raised by Mr. Sheeney in here. Twice within two weeks of the sentencing in this case, the district court explained that not only had it not relied on the false positive drug tests, but that the court would have given him the very same sentence without any consideration of that erroneous information. And the record here supports that conclusion. The district court followed the government's sentencing recommendation, a recommendation that was formulated months before the erroneous drug tests ever occurred. Under this court's well-established precedence, as Your Honors have pointed out, there simply cannot be a due process violation if the erroneous information had no effect on the sentence. Is there anything else you could add to that? Well, Your Honor, in my view, in the government's view, that should really be the end of this appeal. So, why are we here? Well, the government doesn't disagree with that sentiment. Somebody gave you time and you think you ought to use it up. Well, Your Honor, yes, I did come down from Milwaukee this morning. Yeah, it was a nice trip. Yeah, a lovely trip. Thank you. I'll summarize if the court has no further questions then. This is a case where the federal rules and the court's precedence worked exactly as they were supposed to. The government got bad information. It came up at sentencing. The parties immediately brought that error to the district court's attention. You aren't listening very well. You talk well, but you're not listening. Thank you, Judge Bauer. All right, there's simply no remaining error for this court to correct. Thank you, Your Honors. The government respectfully requests that the court affirm the decision below. Thank you, counsel. Anything further, Mr. Heflin? There's not much for me to rebut. I did have a nice trip from Milwaukee, though, as well. Thank you very much. The case is taken under advisement.